1

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

3

4     RONALD D. STEINMANN, et al.,

5                              Plaintiffs,

6            v.

7     FANNIE MAE A/K/A FEDERAL
      NATIONAL MORTGAGE
8     ASSOCIATION,

9                              Defendant.

CASE NO. C15-5402 BHS

ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS

10

11

12

13

14

        This matter comes before the Court on Defendant Federal National Mortgage

Association's ("Fannie Mae") motion to dismiss (Dkt. 11).  The Court has considered the

pleadings filed in support of and in opposition to the motion and the remainder of the file

and hereby grants the motion for the reasons stated herein.

15

16

## I. PROCEDURAL AND FACTUAL BACKGROUND

**A.     Prior Suit**

17

18

19

20

21

22

        In 2008, Plaintiffs Kathleen and Ronald Steinmann ("Steinmanns") borrowed

$350,000 from IndyMac Bank to refinance their home.  Dkt. 1-4 ("Comp.") ¶ 3.  The

loan was secured by a deed of trust on their property.  *Id.* ¶ 4.

        In 2010, the Steinmanns defaulted on their loan.  *Id.* ¶ 6; *see also Fannie Mae v.
Steinmann* (*Steinmann I*), 176 Wn. App. 1021, 2013 WL 5211622, at *1 (2013).  In

February 2011, Regional Trustee Services Corporation sent the Steinmanns a Notice of

1  Default and a Notice of Trustee's Sale. *Steinmann I*, 2013 WL 5211622, at *1. In June

2  2011, the Steinmanns' home was sold at a foreclosure sale to Fannie Mae. Comp. ¶ 7.

3       In September 2011, Fannie Mae brought an unlawful detainer action against the

4  Steinmanns in Clark County Superior Court. *Steinmann I*, 2013 WL 5211622, at *1.

5  Fannie Mae moved for summary judgment, arguing that it was entitled to possession as a

6  matter of law and that the Steinmanns waived their right to challenge the foreclosure sale

7  by failing to enjoin the sale before it occurred. *Id.* The Steinmanns, in turn, argued the

8  foreclosure sale was defective and Fannie Mae had no right to the property. *Id.* The

9  Steinmanns admitted receiving a Notice of Default and a Notice of Trustee's Sale, but

10 claimed they did not realize the significance of the pending foreclosure sale. *Id.*

11      The trial court granted Fannie Mae's motion for summary judgment and ordered

12 that a writ of restitution be issued, thereby giving Fannie Mae possession of the property.

13 *Id.* The Steinmanns appealed. *Id.*

14      The Washington Court of Appeals affirmed, holding "the Steinmanns waived their

15 right to challenge the foreclosure." *Id.* at *2. The court explained that "the Steinmanns

16 sought to defend against the unlawful detainer action by questioning the foreclosure

17 sale's validity for several reasons." *Id.* However, "because they failed to restrain the

18 foreclosure sale, the Steinmanns waived any objection to the foreclosure proceedings,

19 and the[] unlawful detainer action did not provide a forum for litigating claims to title."

20 *Id.* at *4.

21      Following the Washington Court of Appeals' ruling, the Steinmanns brought two

22 motions: (1) a motion for reconsideration; and (2) a motion for additional evidence. Dkt.

1  11, Exs. F, G.  In bringing these motions, the Steinmanns sought to raise arguments

2  regarding the impact of *Bavand v. OneWest Bank, F.S.B.*, 176 Wn. App. 475 (2013), a

3  decision that was issued one day before the *Steinmann I* decision.  Dkt. 11, Ex. G.

4  Specifically, the Steinmanns argued the foreclosure sale was held without authority and

5  was therefore void under *Bavand*.  *Id.*  The Washington Court of Appeals denied both

6  motions.  Dkt. 11, Ex. H.

7       The Steinmanns appealed to the Washington Supreme Court.  *Fannie Mae v.*

8  *Steinmann*, 181 Wn.2d 753 (2014).  The court granted review "only on the issue of

9  attorney fees and vacate[d] the award."  *Id.* at 755.  The Washington Supreme Court did

10  not disturb the Washington Court of Appeals' decision affirming the trial court's grant of

11  summary judgment in favor of Fannie Mae.  *See id.*

12       Following the Washington Supreme Court's ruling, the Steinmanns filed a motion

13  to vacate judgment and for a new trial in the trial court.  Dkt. 15, Exs. A, B.  The

14  Steinmanns argued that the foreclosure sale was held without authority and was therefore

15  void under *Bavand*.  *See* Dkt. 15, Ex. B.  On December 19, 2014, the trial court denied

16  the Steinmanns' motion.  Dkt. 11, Ex. C.

17  **B.  Present Suit**

18       On April 8, 2015, the Steinmanns filed suit against Fannie Mae in Clark County

19  Superior Court.  Comp. ¶ 2.  The Steinmanns allege that the foreclosure sale was void,

20  and seek to quiet title to the property.  *Id.* ¶¶ 10–13.  On June 12, 2015, Fannie Mae

21  removed the case to this Court.  Dkt. 1.

22

ORDER - 3

On September 14, 2015, Fannie Mae moved to dismiss.  Dkt. 11.  On September 25, 2015, the Steinmanns responded.  Dkt. 12.  On October 9, 2015, Fannie Mae replied. Dkt. 14.

## II. DISCUSSION

Fannie Mae moves to dismiss, arguing the Steinmanns' claims are barred by the doctrines of *res judicata* and collateral estoppel.  Dkt. 11.  Alternatively, Fannie Mae argues that the Steinmanns waived their claims to challenge the foreclosure.  *Id.*

### A.  Legal Standard

*Res judicata* may be raised on a Rule 12(b)(6) motion.  *See Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007).  On a motion to dismiss, material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983).  Generally, the scope of review is limited to the contents of the complaint.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  In the preclusion context, a federal court may take judicial notice of the record in the earlier proceeding.  *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1037 (9th Cir. 2005); *see also Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002). Here, the Court takes judicial notice of the record from the prior state court proceeding.

### B.  *Res Judicata*

Fannie Mae argues that the Steinmanns' clams are barred by the doctrine of *res judicata*.  Dkt. 11.  Federal courts "determine the preclusive effect of a state court judgment by applying that state's preclusion principles."  *ReadyLink Healthcare, Inc. v.*

1   *State Comp. Ins. Fund*, 754 F.3d 754, 760 (9th Cir. 2014).  Because a Washington court

2   decided the prior suit, Washington law governs the Court's *res judicata* analysis.

3          Under Washington law, *res judicata* "prohibits the relitigation of claims and issues

4   that were litigated, or could have been litigated, in a prior action."  *Karlberg v. Otten*, 167

5   Wn. App. 522, 535 (2012).  "The general rule is that if an action is brought for part of a

6   claim, a judgment obtained in the action precludes the plaintiff from bringing a second

7   action for the residue of the claim."  *Id.* (internal quotation marks omitted).  Thus, "all

8   issues which might have been raised and determined are precluded."  *Shoemaker v. City*

9   *of Bremerton*, 109 Wn.2d 504, 507 (1987).  In Washington, *res judicata* is "the rule, not

10  the exception."  *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 865 (2004).

11         "The threshold requirement of res judicata is a final judgment on the merits in the

12  prior suit."  *Id.*  In addition to a final judgment on the merits, the subsequent action must

13  be identical with the prior action in four respects: "(1) subject matter; (2) cause of action;

14  (3) persons and parties; and (4) the quality of the persons for or against whom the claim

15  is made."  *Rains v. State*, 100 Wn.2d 660, 663 (1983).  The party asserting *res judicata*

16  bears the burden of proof.  *Hisle*, 151 Wn.2d at 865.

17         Here, there is a final judgment on the merits.  The Clark County Superior Court

18  granted summary judgment in favor of Fannie Mae, finding that Fannie Mae was entitled

19  to possession of the property as a matter of law.  *Steinmann I*, 2013 WL 5211622, at *1.

20  "[A] grant of summary judgment is a final judgment on the merits with the same

21  preclusive effect as a full trial."  *In re Estate of Black*, 153 Wn.2d 152, 170 (2004).  The

22  Washington Court of Appeals affirmed the trial court's decision.

1      The Steinmanns nevertheless argue that the question of title was not fully litigated

2  in the prior suit. Dkt. 12 at 8. The Steinmanns confuse collateral estoppel with *res*

3  *judicata*. "Unlike *res judicata*, collateral estoppel does not prohibit a party from

4  litigating issues that were never argued or decided in the prior proceeding." *Monahan v.*

5  *Emerald Performance Materials, LLC*, 705 F. Supp. 2d 1206, 1213 (W.D. Wash. 2010).

6  *Res judicata*, on the other hand, "prevents litigation of all grounds for, or defenses to,

7  recovery that were previously available to the parties, regardless of whether they were

8  asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131

9  (1979). Moreover, a full trial on the merits is not required for *res judicata* to apply. *See*

10 *In re Estate of Black*, 153 Wn.2d at 170. Washington courts have repeatedly determined

11 that a grant of summary judgment constitutes a final judgment on the merits for the

12 purposes of *res judicata. See id.*; *Ensley v. Pitcher*, 152 Wn. App. 891, 899 (2009).

13     The validity of the foreclosure sale was a defense asserted by the Steinmanns in

14 the prior suit. The Steinmanns opposed Fannie Mae's unlawful detainer by arguing the

15 foreclosure sale was defective. *Steinmann I*, 2013 WL 5211622, at \*1. The trial court

16 disagreed, concluding that Fannie Mae was entitled to possession of the property as a

17 matter of law. *Id.* The Washington Court of Appeals affirmed, holding that the

18 Steinmanns waived their right to challenge the foreclosure proceedings because the

19 Steinmanns failed to restrain the foreclosure sale. *Id.* at \*2, \*4. The Washington

20 Supreme Court did not disturb this judgment. *Fannie Mae*, 181 Wn.2d at 755. Although

21 the Steinmanns' arguments regarding defects in title may not have been addressed in the

22 prior suit, there was still a final judgment on the merits. Thus, *res judicata* "prohibits the

ORDER - 6

1 relitigation of claims and issues that were litigated, or could have been litigated, in a prior

2 action." *Karlberg*, 167 Wn. App. at 535.

3      With regard to the additional *res judicata* elements, the Court first finds that the

4 subject matter between the two actions is identical.  Both suits involve the foreclosure of

5 the Steinmanns' property.  In the prior suit, Fannie Mae sought to obtain possession of

6 the property following the foreclosure sale and the Steinmanns challenged the validity of

7 the sale.  In the present suit, the Steinmanns seek to invalidate the foreclosure sale and

8 quiet title to the property.

9      The causes of action are also identical.  To determine whether the causes of action

10 are identical, the Court considers the following four factors:

11         (1) Whether rights or interests established in the prior judgment
          would be destroyed or impaired by prosecution of the second action; (2)
12        whether substantially the same evidence is presented in the two actions; (3)
          whether the two suits involve infringement of the same right; and (4)
13        whether the two suits arise out of the same transactional nucleus of facts.

14 *Rains*, 100 Wn.2d at 664.  "It is not necessary that all four factors favor preclusion to bar

15 the claim." *Feminist Women's Health Ctr. v. Codispoti*, 63 F.3d 863, 867 (9th Cir. 1995)

16 (applying Washington law).  The most important factor is whether the two suits arise

17 from the same transactional nucleus of facts.  *Id.*

18      All four factors are present in this case.  In the prior suit, the trial court determined

19 that Fannie Mae was entitled to possession of the property.  *Steinmann I*, 2013 WL

20 5211622, at *1.  The present suit jeopardizes Fannie Mae's rights and interest in the

21 property, as the Steinmanns allege that the foreclosure sale was void and seek to quiet

22 title.  *See* Comp. ¶¶ 10–13.  Both suits involve substantially the same evidence: the note,

1    the deed of trust, and the foreclosure documents.  The two suits also involve the

2    infringement of the same right.  In both suits, the Steinmanns allege that the foreclosure

3    sale was defective and Fannie Mae has no right to the property.  Finally, the two suits

4    arise out of the same transaction nucleus of facts—the foreclosure of the property.  The

5    causes of action are therefore identical.

6         It is undisputed that the third and fourth elements are satisfied.  Both suits involve

7    the same parties: the Steinmanns and Fannie Mae.  Because the parties are identical, it

8    follows that the quality of persons is identical as well.  *Pederson v. Potter*, 103 Wn. App.

9    62, 73 (2000).

10        In sum, Fannie Mae has demonstrated that all of the requirements for *res judicata*

11   are satisfied.  Because *res judicata* precludes the Steinmanns' claims in the present suit,

12   the Court grants Fannie Mae's motion to dismiss.[1]

13   **C.     Attorney Fees**

14        Fannie Mae seeks attorney fees under RCW 4.84.185 and Federal Rule of Civil

15   Procedure 11, arguing that the Steinmanns' claims are frivolous and advanced without

16   reasonable cause.  Dkt. 11 at 14–15.

17        Under RCW 4.84.185, the Court may award attorney fees upon a finding that the

18   lawsuit was "frivolous and advanced without reasonable cause . . . ."  RCW 4.84.185.  "A

19   lawsuit is frivolous [under RCW 4.84.185] when it cannot be supported by any rational

20   argument on the law or facts."  *Tiger Oil Corp. v. Dep't of Licensing*, 88 Wn. App. 925,

21

22        [1] Having concluded that *res judicata* applies, the Court declines to address Fannie Mae's
     arguments with respect to collateral estoppel and waiver.

ORDER - 8

1   938 (1997).  The Court may also impose sanctions for frivolous and legally unreasonable

2   filings under Rule 11.  "A filing is frivolous [under Rule 11] if no competent attorney

3   would believe it was well-grounded in fact and warranted by law."  *Adriana Int'l Corp. v.*

4   *Thoeren*, 913 F.2d 1406, 1415 (9th Cir. 1990) (internal citation omitted).

5        The Court finds that Fannie Mae is entitled to attorney fees under RCW 4.84.185.

6   Given the history of this case, the Steinmanns' present suit is frivolous and advanced

7   without reasonable cause.  Fannie Mae may file a petition for fees with supporting

8   documentation by November 27, 2015.  The Steinmanns may file a response by

9   December 4, 2015.

10                                **III. ORDER**

11       Therefore, it is hereby **ORDERED** that Fannie Mae's motion to dismiss (Dkt. 11)

12   is **GRANTED**.  The Steinmanns' claims are **DISMISSED with prejudice.**  Fannie Mae

13   may file a petition for fees by November 27, 2015, and the Steinmanns may respond by

14   December 4, 2015.

15       Dated this 16th day of November, 2015.

16

17   _____

18   BENJAMIN H. SETTLE
    United States District Judge

19

20

21

22